UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOE DAVIS MARTIN, JR.       ]
    Petitioner,             ]
                             ]
v.                           ]      No. 3:05-0679
                             ]      Judge Campbell
TONY PARKER, WARDEN          ]
    Respondent.             ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker, Warden of the facility, seeking a writ of habeas corpus.

On August 23, 1996, a jury in Davidson County found the petitioner guilty of first degree murder, attempted first degree murder and attempted second degree murder. For these crimes, he received an aggregate sentence of life imprisonment plus twenty (20) years. Docket Entry No. 17; Volume No. 1; Addendum No. 1 at pgs. 174-188. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No. 17; Volume No. 5; Addendum No. 8. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 17; Volume No. 5; Addendum No. 10.[1]

---

[1] While the petitioner's case was pending on direct appeal, he filed a petition for federal habeas corpus relief. See Martin v. Myers, No. 3:97-0591 (M.D. Tenn.) This action was dismissed without prejudice for failure to exhaust state court remedies.

1

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 17; Volume No. 5; Addendum No. 11 at pgs. 1-35. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petitioner's post-conviction petition. Docket Entry No. 17; Volume No. 5; Addendum No. 11 at pgs. 176-179. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 17; Volume No. 8; Addendum No. 15. Once again, the Tennessee Supreme Court rejected the petitioner's application for discretionary review. Docket Entry No. 17; Volume No. 8; Addendum No. 16.

The petitioner next filed a petition for habeas corpus relief in the Circuit Court of Johnson County. Docket Entry No. 17; Volume No. 8; Addendum No. 17. This petition was summarily denied by the state trial court. Docket Entry No. 17; Volume No. 8; Addendum No. 18. The ruling of the lower court was affirmed on appeal. Docket Entry No. 17; Volume No. 8; Addendum No. 21.

On September 2, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus.[2] The petition sets forth several claims for relief. These claims include:

    (1)    whether the prosecution's use of perjured testimony was prejudicial to the defense:
           a) Detective Elam's testimony regarding the photo array from which Jordan identified the petitioner,
           b) Hayes' testimony confirming petitioner's possession of a ski mask,

---

[2] A prisoner's pleading is considered filed on the date that it was placed in the prison postal system for mailing. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Thus, even though the petition has been stamped by the Clerk's Office as filed on September 6, 2005, it is actually considered filed on September 2, 2005, the date that the petitioner claims to have placed it in the prison postal system. *See* Docket Entry No. 1 at pg. 15.

2

        c) Hayes' testimony regarding who he told about being carjacked,
        d) Jordan's testimony involving "other places to which he fled",
        e) Jordan's testimony that he was not upset with a co-defendant (S. Smith) about drugs taken in a robbery, and
        f) Jordan's claim that he hoped to receive leniency for his testimony;

(2)     whether consecutive sentencing was appropriate;

(3)     prosecutorial misconduct occurred during closing arguments:
        a) the prosecutor vouched for the credibility of his witnesses (Hayes and Jordan), and
        b) the prosecutor urged the jury to remember what they had seen on television;

(4)     the prosecution improperly withheld exculpatory evidence;

(5)     the petitioner's sentences were improperly enhanced pursuant to the <u>Blakely</u> decision;

(6)     the doctrine of transferred intent was unconstitutionally applied against the petitioner; and

(7)     the petitioner was denied the effective assistance of counsel because his attorney:
        a) failed to investigate the case,
        b) failed to interview prosecution witnesses,
        c) failed to file various pre-trial motions,
        d) failed to aggressively pursue discovery,
        e) failed to call a witness (Ashby),
        f) failed to raise various objections,
        g) failed to impeach prosecution witnesses, and
        h) failed to ask for special and curative instructions.[3]

Upon its receipt, the Court conducted a preliminary review of the petition and determined that it contained colorable claims for relief. Accordingly, an order (Docket Entry No. 3) was

---

[3] At trial, the petitioner was represented by Joe Binkley, Sr., a former member of the Davidson County Bar who is now deceased.

3

entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court are the respondent's Answer (Docket Entry No. 13) and the petitioner's Response in Opposition to the Answer (Docket Entry No. 18). Having considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).

Exhaustion requires the petitioner to present his claims to the state courts as federal

4

constitutional issues and not merely as similar respective claims arising under state law. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984); *see also* Picard v. Conner, 404 U.S. 270, 275-276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A difference in legal theory between that urged in the state courts and in a petition for writ of habeas corpus will preclude a finding of exhaustion. Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982).

The petitioner has never presented his claims of perjured testimony involving a carjacking (Claim No. 1c), prosecutorial misconduct when the jury was told to remember what it had seen on television (Claim No. 3b), and improper sentence enhancement under Blakely (Claim No. 5) to the state courts for consideration. Moreover, the petitioner's claim regarding consecutive sentences (Claim No. 2) was raised in the state courts solely as an issue of state rather than federal law. *See* Docket Entry No. 17; Volume No. 4; Addendum No. 4. The state courts were never given the opportunity to address these particular claims as federal constitutional issues. Thus, these claims (1c, 2, 3b and 5) have not yet been properly exhausted in the state courts.

The state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal

5

constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

As cause for his procedural defaults, the petitioner alleges that his attorney failed to present these claims for appellate review despite his objections. Docket Entry No. 18 at pg. 4. A claim of ineffective assistance of counsel, however, must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Here, the petitioner has neglected to claim that his Sixth Amendment right to the effective assistance of counsel was violated when his attorney failed to appeal certain issues. Thus, the petitioner has shown neither cause nor prejudice arising from the failure to present these claims to the state courts prior to the filing of this action. Therefore, these claims will not support an award of habeas corpus relief.

The petitioner's remaining claims, i.e., the prejudicial use of perjured testimony (Claim Nos. 1a, 1b, 1d, 1e and 1f), prosecutorial misconduct (Claim No. 3a), the improper withholding of exculpatory evidence (Claim No. 4), the erroneous application of transferred intent (Claim No. 6), and the ineffectiveness of counsel (Claim No. 7) were fully litigated in the state courts and were found to be without merit.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state

adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner claims that his defense was compromised by the prosecution's use of perjured testimony (Claim Nos. 1a, 1b, 1d, 1e, and 1f). In an opinion addressing this claim, the Tennessee Court of Criminal Appeals implicitly held that the petitioner had failed to show that the testimony in question constituted perjury. Moreover, the court found that the petitioner had failed to establish prejudice arising from the alleged perjury. Docket Entry No. 17; Volume No. 8; Addendum No. 15 at pg. 15. Having reviewed the record, the Court finds that the ruling on this issue by the state courts was neither contrary to nor an unreasonable application of federal law. Therefore, this claim has no merit.

The petitioner also claims that the prosecutor was guilty of misconduct when he vouched for the credibility of his witnesses during closing arguments (Claim No. 3a). Habeas corpus relief, however, is only available when the prosecutorial misconduct is so egregious as to deny the petitioner a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 643-645, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In this case, the prosecutor's remarks did not deny the

7

petitioner a fair trial. The remarks in question were isolated instances within the context of an extended argument. The prosecution witnesses were subject to cross examination and the jurors had an opportunity to consider for themselves whether these witnesses were credible. The Court finds, therefore, that this issue has no merit.

The petitioner has maintained that the prosecution withheld statements from witnesses (Jordan and Harris), ballistic reports, police reports regarding anonymous telephone calls, and fingerprint evidence (Claim No. 4). The state courts considered this claim and found that the only evidence not provided to the defense was the report of an anonymous caller who identified "Sidney Allen" as being involved in a drive-by shooting. The petitioner was unable to establish that this particular report had any relevance to the events that led to his arrest and conviction. Consequently, the state courts ruled that the petitioner had failed to show that he was denied any exculpatory evidence. Docket Entry No. 17; Volume No. 8; Addendum No. 15 at pg. 13. This ruling by the state courts was neither contrary to nor an unreasonable application of federal law. Accordingly, this claim has no merit.

The petitioner's jury was instructed on the doctrine of transferred intent. That doctrine states that a defendant who intends to kill a specific person but instead kills a bystander can still be found guilty of premeditated first degree murder. The petitioner alleges that this doctrine, as applied to him, was constitutionally infirm because it "shifted the burden to the petitioner to prove his innocence rather than the State to prove petitioner's guilt beyond a reasonable doubt." (Claim No. 6); Docket Entry No. 1 at pg. 38.

The doctrine of transferred intent does not relieve the prosecution of the burden of proving that the petitioner had the requisite intent to kill someone. Therefore, contrary to the

8

petitioner's assertion, this instruction did not force the petitioner to prove his innocence. Once the prosecution met its burden of showing that the petitioner intended to kill, the jury was then free to convict him of the death that resulted from that intent. This issue has no merit.

Finally, the petitioner alleges that he was denied the effective assistance of counsel (Claim No. 7). The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced so as to render the criminal proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

In considering petitioner's ineffective assistance claim, the state courts correctly recognized Strickland as the applicable standard of review. Docket Entry No. 17; Volume No. 8; Addendum No. 15 at pg. 16. Following an evidentiary hearing addressing this issue, the state courts concluded that counsel had thoroughly investigated the case, examined all evidence available to the defense, interviewed potential witnesses, attacked the credibility of prosecution witnesses on cross examination and conferred with counsel representing petitioner's co-defendants. While counsel did not file any pre-trial motions, "he orally adopted motions filed by the other defense attorneys".

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. §

2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of federal law. Consequently, this claim will not support an award of habeas corpus relief.

The petitioner has failed to state a claim upon which habeas corpus relief can be granted. In the absence of an actionable claim, the Court finds that the petitioner's application for habeas corpus relief has no merit. Accordingly, this action will be dismissed.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge